**Yancey L. WHITE, Petitioner,**

v.

**Joseph SCIBANA, Respondent.**

No. 03–C–581–C.

United States District Court,
W.D. Wisconsin.

June 10, 2004.

ALJ may translate mental RFC into categories or otherwise express it in shorthand fashion.

Emily M. Feinstein, Madison, WI, for Plaintiff.

Steven P. O'Connor, Assistant U.S. Attorney, Madison, WI, for Defendant.

## ORDER

CRABB, District Judge.

In an opinion and order dated April 23, 2004, I concluded that the Federal Bureau of Prisons was acting contrary to 18 U.S.C. § 3624(b) by calculating petitioner Yancey White's good conduct time on the basis of the actual time he had served rather than his imposed sentence. I granted the petition for a writ of habeas corpus under 28 U.S.C. § 2241 and ordered the warden to recalculate petitioner's good conduct time in accordance with § 3624(b).

■ Respondent has filed a notice of appeal and now moves for a stay of the order pending appeal. He advances two arguments: (1) complying with the order may waste the bureau's resources; and (2) if no stay is granted, inmates may be released before the expiration of their lawful sentences. As an initial matter, I note that it is curious that respondent seeks a stay when he has admitted that he already has complied with the order. *See* Resp. to Request for Adm. Remedy, *attached to,* Aff. of Linette Ritter, Attachment 1, dkt. # 8 in *Campbell v. White,* 04–C–311–C

(W.D.Wis.) ("We have complied with the order in case number 03–C–581–C."). Regardless, the arguments advanced in this case are the same as those in *Campbell.* In response to respondent's argument that complying with the order will be burdensome, I wrote:

> [T]his court may not exercise jurisdiction over nonconsenting wardens in other judicial districts. *Moore v. Olson,* 368 F.3d 757 (7th Cir.2004) (§ 2241(a) requires petitions to be brought in judicial district in which petitioner is incarcerated unless warden waives requirement). Thus, the number of inmates potentially affected by *White* is a significantly lower number [than the total number of prisoners in federal custody]; respondent states that there are 1200 inmates in the Oxford prison, which is the only federal prison in the Western District of Wisconsin.
>
> Second, respondent does not explain persuasively why it would be burdensome to recalculate the good conduct time of inmates in accordance with *White.* It is the *bureau's* calculation that is complex. The basic calculation under *White* is very simple: multiplying the number of years in an inmate's sentence by 54 and then prorating any remaining months. It is not clear why applying this method to even more than 1000 inmates would be overly time consuming or expensive. In any event, I need not consider the potentially broad implications of *White* in this case. Petitioner seeks only to have *White* applied to him.

*Campbell v. White,* 04–C–311–C, June 4, 2004 Op. and Order (W.D.Wis.)

This reasoning applies to this case as well. Respondent has failed still to explain how complying with the order in this case would be unduly burdensome.

■ With respect to respondent's second argument, I note that petitioner will

not reach his expected release date under the standard employed in *White* until December 2004. In *Campbell*, respondent represented that he would seek to have the appeal expedited in this case, presenting the possibility that the court of appeals will resolve the issue before petitioner reaches his release date. Even if it does not, however, I cannot conclude that a stay would be appropriate. The question that must be asked is whether it is worse to mistakenly release an inmate a few weeks or months early or to incarcerate him illegally beyond his release date. In the absence of specific evidence showing that petitioner will be a danger to the public, the answer to this question must be obvious. Respondent's motion for a stay will be denied.

## ORDER

IT IS ORDERED that respondent Joseph Scibana's motion to stay the judgment in this case is DENIED.